UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ELLEAN NANCE,
   Plaintiff,

   vs.                                                        No. 05-1143

TERRI ANDERSON, et al.,
 Defendants.

## ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Ellean Nance, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated within the Department of Corrections. The plaintiff has named six defendants including Administrative Review Board Member Terri Anderson; Pontiac Correctional Center Warden Stephen Mote; Adjustment Committee Members David Lingle, Erika Howard, Anabelle Motteler; and unidentified members of the Adjustment Committee at Pontiac Correctional Center. The plaintiff does not state whether he is suing the defendants in their official or individual capacities, so the court will assume the pro se plaintiff intended both.

      The plaintiff says on December 9, 2003, he was given a drug test that returned positive. The plaintiff says he asked for a second test because the first test was defective. He was then placed in temporary confinement. Two days later, the plaintiff was transferred to Pontiac Correctional Center. Fifteen days later, on December 24, 2003, the plaintiff was called before the Adjustment Committee on the drug charge. The plaintiff was found guilty and lost good time credits as a result. The plaintiff was also placed in segregation for six months.

      The plaintiff says he never received a second drug test, and the disciplinary hearing was not held within the 14 days the plaintiff says is required. The plaintiff appealed the Adjustment Committee's decision, but his appeals were denied.

      The plaintiff maintains that the defendants violated his procedural due process rights because he was kept in temporary confinement for 15 days pending his hearing. The plaintiff says the Illinois Administrative Code states that unless a prisoner is placed in investigative status, he may not be confined for more than 14 days. 20 Ill.Adm.Code 504.80(k)(3). The plaintiff also says punishing him with six months of segregation violated his due process and Eighth Amendment rights. The plaintiff further contends that he was assaulted while in segregation when someone

1

threw urine and feces on him.   The plaintiff says he did not receive medical care and felt ill that evening.

Lastly, the plaintiff says the defendants kept him in segregation an extra day after he finished his six month sentence.   The plaintiff says on June 9, 2004, he was transferred from Menard Correctional Center to Pontiac Correctional Center.   The plaintiff says he was forced to spend his first day in segregation even though there was no reason for him to be in segregation.

The plaintiff is asking for damages for his time in segregation, reinstatement of his prison job, to have the disciplinary report expunged, and punitive damages.

The plaintiff has failed to allege any claims upon which relief may be granted in his complaint.   First, the fact that the Adjustment Committee did not hold its hearing until the 15th day instead of the 14th day does not state a violation of the plaintiff's constitutional rights.   "To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." DeWalt v. Young, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted).   The U.S. Supreme Court has held that the federal constitution itself does not create a liberty interest in remaining out of temporary segregation.  Hewitt v. Helms, 459 U.S. 460 (1983).  Likewise, the Seventh Circuit has held that Illinois statues and regulations do not create a liberty interest in remaining in the general population or in avoid temporary confinement pending the outcome of a disciplinary hearing. Pardo v. Hosier, 946 F2d 1278, 1281-83 (7th Cir. 1990); Woods v. Thieret, 903 F.2d 1080, 1082-83 (7th Cir. 1990).  Lastly, the administrative rule cited by the plaintiff plainly says that the 14 days must "not be construed to restrict or limit the Department's ability...to transfer the offender to another facility." 20 Il. Admin. Code §504.80 k(5).  The plaintiff states he was transferred before the hearing.

Second, the plaintiff cannot ask this court to expunge the disciplinary finding.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration.  In Edwards v. Balisok, 520 U.S. 641 (1997), the Court extended this ruling to include suits attacking intra prison disciplinary sanctions that affect the overall length of confinement.   Since the plaintiff states he lost good time credits and has not challenged the disciplinary measures in state court, his §1983 claim based on the disciplinary ticket is barred by Heck and Edwards.

Third, the plaintiff's broad claim that his time spent in segregation violated the Eighth Amendment has no merit.  Disciplinary segregation, even wrongfully imposed, is neither cruel nor unusual in itself. Leslie v Doyle, 868 F. Supp. 1039, 1042 (N.D. Ill. 1994).   In addition,  "[a] prisoner has no liberty interest in remaining in the general prison population.  In fact, absent a constitutional, statutory or regulatory bar, 'a prisoner may be transferred for any reason or for no reason at all.'" Williams v Ramos, 71 F.3d 1246, 1248 (7th Cir. 1995) (citations omitted) quoting

<u>Williams v. Faulkner</u>, 837 F.2d 304, 309 (7th Cir. 1988).  The plaintiff's claim that he also spend one extra day in segregation fails for the same reasons.

It is not clear whether the plaintiff was attempting to state an additional claim based on the "attack" in segregation.  The plaintiff states that while he was in segregation on February 17, 2004, someone threw urine and feces on him which got in his mouth and an open wound.  The plaintiff says he received no medical attention and felt sick that evening.  The plaintiff has failed to identify any named defendant who has any personal involvement in this allegation.  The plaintiff does not state whether any defendant witnessed or knew about the attack, nor does he state whether he asked any of the named defendants for medical attention.  The plaintiff has failed to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to state a claim.  The case is terminated without prejudice. The parties are to bear their own costs.**

**2) Any pending motions are denied as moot.**

**3) The plaintiff must still pay the full docketing fee of $250.00 even though his case has been dismissed.  The agency having custody of the Plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $250.00.**

4) **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5 The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 5th day of January, 2006.

                                                        s\Harold A. Baker
                               _____
                                          HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE