UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ELLEAN NANCE,
    Plaintiff,

vs.                                                     No. 05-1143

TERI ANDERSON, et.al.,
    Defendants

## ORDER

This cause is before the court for case management and consideration of the plaintiff's motion for reconsideration of the court's January 5, 2006 dismissal order [d/e15], motion for leave to file one copy of a motion [d/e 16] and various motions to proceed in forma pauperis on appeal. [d/e 18, 24, 26, 31]

### MOTION TO RECONSIDER

On January 5, 2006, the court conducted a merit review of the plaintiff's complaint and found that the plaintiff had failed to state a claim upon which relief could be granted. *See* January 5, 2006 Court Order. The plaintiff has filed a motion to reconsider the dismissal order.

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The plaintiff has failed to specify either rule, but appears to have provided this document to prison officials within the ten business days required for a Rule 59 motion.

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180 (7th cir. 1992) The plaintiff disagrees with the court's decision, but has failed to point to any mistake of law or fact.

For instance, the plaintiff argues that a liberty interest can be created where a regulation contains specific directives that a decision maker must follow. The court has already pointed out that the administrative rule cited by the plaintiff plainly says that the 14 days must "not be construed to restrict or limit the Department's ability...to transfer the offender to another facility." 20 Il. Admin. Code §504.80 k(5). The plaintiff states he was transferred before the hearing and therefore the hearing was held on the 15th day. The plaintiff's motion to reconsider is denied. The plaintiff's motion to provide only one copy of this motion is denied as moot.

### MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

The plaintiff has filed four motions for leave to proceed in forma pauperis on appeal. [d/e 18, 24, 26, 31]. The motions are repetitive and all ask to proceed in forma pauperis on the plaintiff's appeal of the court's January 5, 2006 court order. Therefore, the court will strike all put the first motion as repetitive.

Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith before the court can determine in forma pauperis status. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather,

an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues.  See Cruz v. Hauck, 404 U.S. 59, 62 (1971); see also  Coppedge v. United States, 369 U.S. 438, 445 (1962)  The court has not been able to find any colorable constitutional claims in the complaint, and the plaintiff has failed to point to any mistake of law or fact or new evidence.

However, the United States Court of Appeals for the Seventh Circuit has ruled that where the appellant was authorized to proceed in forma pauperis in the district court, a district judge who doubts that the appeal is in good faith should give the plaintiff an opportunity to submit a statement of his grounds for appealing.  See  Celske v. Edwards, 164 F.3d 396 (7th Cir. 1999).  The plaintiff will be allowed time to submit a brief stating his grounds for appeal.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to reconsider the January 5, 2006 dismissal order is denied. [d/e 15]**

**2) The plaintiff's motion of leave to provide only one copy of his motion is denied as moot. [d/e 16]**

**3) The clerk of the court is directed to strike plaintiff's second, third and fourth motions to proceed in forma pauperis on appeal as repetitive. [d/e 24, 26, 31]**

**4) The plaintiff is ordered to submit a brief informing the court of his grounds for appealing within fourteen (14) days from the date of this order.   If the plaintiff fails to respond within the time specified, the court will make an assessment of the issue of good faith without further consideration.  Defendants may respond to plaintiff's brief within seven ( 7) days of service of said brief.**

Enter this _____ day of May, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE