UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ELLEAN NANCE,
    Plaintiff,

    vs.                       No. 05-1143

TERI ANDERSON, et.al.,
    Defendants

ORDER

       This cause is before the court for consideration of the plaintiff's motion for leave to proceed in forma pauperis on appeal. [d/e 18]

       Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith before the court can determine in forma pauperis status.  "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review.  Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues.  See Cruz v. Hauck, 404 U.S. 59, 62 (1971); see also  Coppedge v. United States, 369 U.S. 438, 445 (1962).

       The plaintiff is appealing the court's January 5, 2006 Court Order dismissing the plaintiff's complaint after a merit review of his claims.  The court found that the plaintiff had failed to state a claim upon which relief could be granted.

       On May 23, 2006, this court indicated that it doubted whether plaintiff's appeal was taken in good faith, and directed the plaintiff to submit a brief stating his grounds for appeal to assist the court in determining the issue. see Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999). The plaintiff asked for additional time to file his brief which was granted and the plaintiff has now filed his response.

       The plaintiff continues to argue that the defendants violated his due process rights when they held him in temporary confinement for 15 days instead of 14 days as he believes is required by the Illinois Administrative Code. See 20 Il.Admin. Code §504.80 k.  The plaintiff also says he was transferred from Menard Correctional Center to Pontiac Correctional Center during the 15 day time frame. The plaintiff is incorrect and has not established a violation of his due process rights. See Caruth v. Pinkney, 683 F.2d 1044, 1052 (7th Cir 1982) (failure to comply with Rule 504.80 does not by itself amount to a violation of constitutional magnitude.)

       The court is unable to find any substantial issue meriting relief from judgement and cannot find a good faith basis for appeal.  Accordingly, the court denies plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $255 within 14 days.  *See* Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997).  If the Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order.  *See* Fed.R.App.P. 24(a).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to appeal in forma pauperis is denied. [d/e 18].   Plaintiff is ordered to remit to the Clerk of the Court the $255 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.   The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.   The clerk is directed to  submit a copy of this order to the United States Court of Appeals for the Seventh Circuit

Enter this __27th_____day of September, 2006.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE